IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | CHAPTER 7 |
| CRAIG PANACCIONE AND LESLIE S. ) | |
| MORELAND, ) | CASE NO: 25-10592 |
| ) | |
| Debtor. ) | |
| ) | |

## CONSENT ORDER GRANTING RELIEF FROM AUTOMATIC STAY

This matter comes before the court upon the consent, stipulation, and agreement of The Huntington National Bank ("Huntington"), Craig Panaccione ("Debtor Panaccione"), and Leslie S. Moreland ("Debtor Moreland" and together with Debtor Panaccione, the "Debtors") (hereinafter collectively referred to as the "Parties"); and on that basis, and with the consent of the Parties, the Court makes the following findings of fact and conclusions of law:

1. This matter is a core proceeding pursuant to 28 U.S.C. § 157 and the court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157, and 1334. The court has the authority to hear this matter pursuant to the General Order of Reference entered by the United States District Court for the District of Massachusetts.

2. The Debtors filed a joint voluntary petition for relief under Chapter 7 of Title 11 on March 25, 2025 (the "Petition Date").

3. On April 11, 2025 Huntington filed a motion for relief from the automatic stay (the "Motion") with respect to one (1) 2022 Mack MD642, Vehicle Identification No. 1M2MDBAA8NS003809, along with a 10' Dump Body, Chute with Paint, and Electric to Rear and Pintle Hook (the "Vehicle").

1

4. Huntington is the holder of a Credit Sales Contract (the "Contract") dated December 17, 2021, executed by Crossroads Landscape Design Inc. ("Crossroads") in favor of VFS US LLC ("VFS") in the original principal amount of **$124,079.04**. Pursuant to the Contract, VFS agreed to finance the purchase of a 2022 Mack MD642, Vehicle Identification No. 1M2MDBAA8NS003809, along with a 10' Dump Body, Chute with Paint, and Electric to Rear and Pintle Hook (the "Vehicle"). VFS perfected its interest in the Vehicle by having its lien noted on the Vehicle's Certificate of Title, Title No. CE018089 and by filing a UCC Financing Statement with the Massachusetts Secretary of State, File No. 202184025390. Debtor Panaccione personally guaranteed full and punctual payment of all present and future obligations of RG Home Services to Huntington, including the obligation under the Contract, pursuant to a continuing guaranty dated December 17, 2021. On March 26, 2025, VFS issued a Notice of Assignment, notifying Crossroads that VFS had transferred all rights and benefits of the Contract to Huntington as successor-in-interest to TCF Equipment Finance.

5. Debtor Panaccione is the President of Crossroads.

6. Crossroads has been and remains the owner of the Vehicle, and as such, the Vehicle is not property of the bankruptcy estate under 11 U.S.C. § 541(a). However, the Debtors list VFS as an unsecured creditor with a "business debt" claim in schedule E/F of the petition.

3. Crossroads defaulted under the terms of the Contract prior to the petition date.

4. Since the Petition Date, the Crossroads has not made any payments to Huntington, and the Debtor Panaccione advised Huntington post-petition that he wishes to surrender the Vehicle.

7. Due to Crossroads' payment default and desire to surrender the Vehicle, Huntington is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) because

2

Huntington's interest in the Vehicle is not being adequately protected, and there is a substantial risk of continuing loss to or diminution of the Vehicle.

8. Huntington is also entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(2) because there is no equity in the Vehicle and the Vehicle is not necessary for the Debtor's effective reorganization.

9. If Huntington is not permitted to repossess and sell the Vehicle, it will suffer irreparable injury and loss.

10. Because of the depreciating nature of the Vehicle, sufficient cause exists to waive the requirements of Rule 4001(a)(3) such that the order granting relief from the automatic stay will be effective upon entry of the order by the Court to allow Huntington to immediately foreclose its interest in the Vehicle.

11. The Parties agree that the automatic stay imposed by 11 U.S.C. § 362(a) shall be immediately modified to allow Huntington to repossess and liquidate the Vehicle under the terms of the Contracts and in accordance with applicable law; now therefore,

**IT IS ORDERED, ADJUDGED AND DECREED** as follows:

1. That the automatic stay imposed by 11 U.S.C. § 362(a) shall be, and hereby is, immediately modified to allow Huntington to repossess and liquidate the Vehicle under the terms of the Contract and in accordance with applicable law; and

2. Any excess proceeds from the sale shall be turned over to the Trustee to the extent that such proceeds are property of the estate; and

3. Rule 4001(a)(3) shall be, and hereby is, waived to allow this Order to be effective upon entry by the Court.

WE CONSENT:

    WOMBLE BOND DICKISON (US) LLP

By:   /s/ *Jed M. Nosal*
      Jed M. Nosal, BBO# 634287
      Womble Bond Dickinson (US) LLP
      470 Atlantic Avenue, Suite 600
      Boston, MA 02210
      jed.nosal@wbd-us.com

      *Attorney for The Huntington National Bank*


By:   /s/David B. Madoff
      David B. Madoff
      Madoff & Khoury LLP
      124 Washington Street, Suite 202
      Foxborough, MA 02035
      madoff@mandkllp.com

      *Attorney for the Debtors*


By:   /s/Joseph G. Butler
      Joseph G. Butler
      Law Office of Joseph G. Butler
      355 Providence Highway
      Westwood, MA 02090
      (781) 636-3638

      *Chapter 7 Trustee*